UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE R. REEDER,<br><br>             Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of<br>Social Security<br><br>             Defendant. | Civil No. 07cv1628-L(WMc)<br><br>**ORDER GRANTING IN PART<br>PLAINTIFF'S MOTION FOR AN<br>AWARD OF ATTORNEYS' FEES<br>UNDER EAJA [doc. # 18]** |

Plaintiff moves for attorney fees under the Equal Access to Justice Act ("EAJA"). After full briefing, the Court enters the following decision.

**Background**

On June 4, 2003, plaintiff filed an initial application for Social Security Disability Benefits. The Commissioner denied plaintiff's application for benefits, and again on reconsideration. Plaintiff thereafter requested a hearing before an Administrative Law Judge ("ALJ"). On July 28, 2005, the ALJ issued a written decision denying plaintiff's application for benefits. The Appeals Council adopted the ALJ's findings by decision dated June 14, 2007.

On June 2, 2008, plaintiff filed the above-captioned case challenging the ALJ's decision to deny benefits. After plaintiff filed his motion for summary judgment, the parties filed a joint motion for remand under sentence four of 42 U.S.C. § 405(g). The Court granted the joint motion and remanded the case to the Social Security Administration for further proceedings.

Plaintiff's counsel has now filed an application for attorney fees under the EAJA contending plaintiff is the prevailing party within the meaning of the EAJA, and that as the prevailing party, he is entitled to EAJA fees for all work reasonably performed. Counsel contends that she is entitled to EAJA fees for 58.65 hours of service[1] at a rate of $170 per hour, totaling $9,970.50. Plaintiff submitted an affidavit and itemization of services in support of the Application for Fees.

In response to plaintiff's attorney fees request, defendant states that the:

> Commissioner does not contend that Plaintiff is not entitled to EAJA fees or the hourly rate at which Plaintiff's attorney has billed, and the Commissioner does not contest that fees awarded should be paid to Plaintiff's attorney given the fee assignment Plaintiff has provided.

(Response to motion at 2.) Defendant argues, however, that plaintiff's billed hours are inappropriate and excessive. *Id.*

## Discussion

The EAJA provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Fees awarded pursuant to the EAJA must be reasonable, and the party seeking such fees bears the burden of proving that the fees and hourly rate requested are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424 (1983); *see also Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir.1992) (it is plaintiff's burden to document "the appropriate hours expended in the litigation by submitting evidence in support of those hours worked"). "[E]xcessive, redundant, or otherwise unnecessary" hours should be excluded from a fee award. *Hensley*, 461

---

[1] Included in plaintiff's counsel's calculation for EAJA attorney fees are 51.15 hours for substantive matters and for the preparation of the application for EAJA attorney fees; and an additional 7.5 hours for the preparation of a reply to defendant's response in partial opposition to counsel's request for fees. Plaintiff seeks a total fee award of $9,970.50. Defendant contends plaintiff's requested fees should be reduced by $5,178.20 for a total award of $3,517.30.

U.S. at 434. District courts have discretion in determining the amount of a fee award, including the reasonableness of the hours claimed by the prevailing party, and may reduce the award where fees are not shown to be reasonable. *Gates*, 987 F.2d at 1398.

### A. Non-attorney Tasks

Defendant contends that plaintiff is not entitled to recover attorney fees for time spent performing tasks that could have been performed by a non-attorney, *i.e.,* work that is purely clerical in nature and/or does not require attorney expertise. (Response at 3.) Specifically, defendant asserts that plaintiff's requests for these non-attorney tasks should be reduced by 3.54 hours at $170.00 per hour for $601.80.

Many of the items defendant points to as properly done by a non-attorney are documents plaintiff was required to review, sign and file for the Court record. Such tasks could not have been performed by a non-attorney. However, plaintiff made several phone calls to chambers for the routine matter of scheduling hearing dates. An attorney was not necessary for such calls. As a result, the Court disallows a total of .48 hours of plaintiff's attorney's billed hours as unreasonable clerical work.

### B. Summary Judgment Motion

After commencing this action, plaintiff was required to file a motion for summary judgment. Defendant points out that counsel billed 18.25 attorney hours prior to any briefing on plaintiff's motion for summary judgment. These hours included review of the Appeals Council notice and ALJ decision, conference with an attorney colleague to determine appealable issues, and several reviews of the administrative record, multiple cross referencing of the electronic transcript with the hard copy, and review of case law and appealable issues. Thereafter, plaintiff billed another 17.25 hours in the drafting, editing, and researching associated with his motion for summary judgment for a total of 35.50 hours spent on the brief. Defendant contends that 17.25 hours is sufficient compensation for a brief seeking summary judgment and the additional 18.25 hours billed for pre-briefing review "is overkill that should be eliminated." *Id.* at 4.

In the present case, plaintiff's motion for summary judgment was directed to arguing that the ALJ's decision concerning plaintiff's mental impairments was not supported by substantial

evidence, the ALJ failed to resolve conflicting evidence regarding the existence of plaintiff's mental limitations, and failed to adequately set forth the basis for rejecting the consistent opinions of plaintiff's treating physicians. Because defendant and plaintiff agreed to a remand, plaintiff was not required to file any other briefing associated with the merits of the case.

Although there is no set number of "reasonable" hours for an award of attorney fees in a Social Security disability action, where an action is not overly complex and fairly routine the number of hours will often be between 20 and 40 hours. *See e.g., Harden v. Commissioner*, 497 F. Supp.2d 1214, 1215-16 (D. Or. 2007) (noting that absent unusual circumstances or complexity, 20-40 hours is a reasonable amount of time to spend on a social security case; ultimately awarding fees for 40 hours of time); *Patterson v. Apfel*, 99 F. Supp.2d 1212, 1215 n. 2 (C.D. Cal. 2000) (citing cases in which as many as 41-46.5 hours of time were compensated); *Hardy v. Callahan*, 1997 WL 470355 & n. 10 (E.D. Tex. 1997) (awarding fees for 46.5 hours, including 6.5 hours for fee petition; noting that "the typical EAJA application in social security cases claims between thirty and forty hours," and concluding that "this appears to be an appropriate average" for "relatively non-complex" social security cases).

In a recent case from the United States District Court for the Southern District of California, plaintiff filed a motion for summary judgment and thereafter, the parties jointly sought remand for further administrative proceedings. *Aguilera v. Astrue*, 2009 WL 1156510, *1 (S.D. Cal. 20090). Plaintiff's counsel, who is counsel for plaintiff here, sought a total payment award based on 36.38 hours of service. Finding certain hours unreasonable, the Court reduced the award to 32.51 hours.

In *Shinn v. Astrue*, 2008 WL 2073980, *5 (E.D. Cal. 2008), the court determined that "13.7 hours constituted a reasonable amount of time for plaintiff's attorney to research and prepare the motion for summary judgment."

Here, plaintiff's counsel seek 35.50 hours solely for the preparation of a motion for summary judgment that was neither novel nor complex. While legal research in conjunction with the drafting of a substantive motion is rightly expected, an expenditure of 35.50 hours for an opening brief on a motion for summary judgment is excessive given that many social security

actions with full briefing on cross motions for summary judgment require fewer hours. *See Harden v. Comm'r Social Security*, 497 F. Supp.2d 1214, 1215-1216 (D. Or. 2007), *Patterson v. Apfel*, 99 F.Supp.2d 1212, 1215 n. 2 (N.D. Cal. 2000) (citing several cases). In the present case, many of plaintiff's entries are redundant and appear excessive. Having reviewed plaintiff's submission of hours, the Court finds that a reduction of 15 hours is warranted for the preparation of the motion for summary judgment.

### C.     Motion for Entry of Judgment

After the case was remanded for further administrative proceedings, a judgment was not entered in the case. Plaintiff filed a motion for entry of judgment that the Court granted and that directed the Clerk of the Court to enter judgment. Once judgment is entered, the time for plaintiff to file a motion for attorney fees under EAJA begins to run. Defendant argues that plaintiff was not required to file this motion because the judgment would have eventually been final under Federal Rule of Civil Procedure 58(a) even without entry of a separate judgment and therefore plaintiff's 3.67 hours for the motion should be eliminated by a total of $623.90.

Here, as a result of a judgment not being entered as a matter of course once the case was remanded for additional proceedings, plaintiff acted responsibly by filing a motion for entry of judgment. Accordingly, plaintiff's hours will not be reduced as suggested by defendant.

### D.     Application for EAJA Attorney Fees

Finally, because plaintiff's counsel is an experience disability attorney, defendant argues that the 7 hours plaintiff claims for preparing the motion for EAJA fees is excessive and should be reduced by 5 hours. Plaintiff seeks an additional 7.5 hours or $1,275.00 for the preparation of the reply memorandum.

The prevailing party is entitled to fees under the EAJA for fees incurred in litigation over the amount of the EAJA fee award. *INS v. Jean*, 496 U.S. 154, 161 (1990). "[E]xcessive, redundant, or otherwise unnecessary" hours should be excluded from a fee award. *Hensley*, 461 U.S. at 434; *see e.g, Patterson v. Chaney*, 99 F. Supp.2d 1212, 1214 (C.D. Cal. 2000) (plaintiff "entitled to reimbursement for the three and a half hours of attorney time spent litigating this fee motion"); *Shinn v. Astrue*, 2008 WL 2073980 (E.D. Cal. 2008) (reducing fee award for

preparing initial EAJA petition from requested 1.2 hours to 0.8 hours because the EAJA petition "provides little more than the details mandated by the EAJA and the basic law regarding hourly fees and [plaintiff's] entitlement to attorney fees as the prevailing party;" and reducing fee award for preparing reply from requested 5.2 hours to 3.5 hours).

The Court has reviewed plaintiff's billing for the nine-page motion for attorney fees under EAJA and finds the 7 hours billed to be excessive. Plaintiff's motion is nothing more than a straight-forward, routine and uncomplicated petition for EAJA fees containing little more than the details mandated by the EAJA and the basic law regarding hourly fees and plaintiff's entitlement to attorney fees as the prevailing party. Therefore, the Court reduces the fee award for preparing the application for attorney fees from 7 hours to 2 hours.

Plaintiff also requests 7.5 hours for the preparation of the reply memorandum. Defendant's opposition to plaintiff's motion for EAJA attorney fees consists of five pages of succinct and specific argument. The Court finds that 4 hours represents a reasonable amount of time to prepare the reply memorandum submitted and therefore disallows 3.5 hours. *See e.g., Gomez v. Astrue*, 2008 WL 3200668 (S.D. Cal. 2008) (reducing fee award for preparing initial EAJA motion from requested 17.15 hours to 7 hours and for reply from 14.25 hours to 4 hours); *Aguilera v. Astrue,* 2009 WL 1156510 (reducing fee award for preparing initial EAJA motion from requested 6.5 hours to 3 hours and granting request for 4.5 hours for the reply).

### E. Conclusion

The Court finds and concludes that plaintiff's requested total award of 58.65 hours of service is unreasonable and therefore reduces the number of hours sought by 23.98 hours.

///
///
///
///
///
///
///

Based on the foregoing, plaintiff's motion for an award of attorney fees under EAJA is **GRANTED** in part. The Court grants plaintiff's counsel a total EAJA fee award of $5,893.90 for 34.67 hours of service at a rate of $170.00 per hour. The Clerk of the Court is directed to close this case.

**IT IS SO ORDERED.**

DATED: November 12, 2009

M. James Lorenz
United States District Court Judge

COPY TO:

HON. WILLIAM McCURINE, JR.
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL